UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LAMONT POPE,<br><br>  Defendant. | Case No.: 2:18-cr-0327-JAD-GWF<br><br>**FINDINGS AND RECOMMENDATION, AND ORDER**<br><br>**Re: Motions (ECF Nos. 25, 26 and 37)** |

This matter is before the Court on Defendant Lamont Pope's Motion to Dismiss Indictment (ECF No. 25) and Defendant's Motion to Dismiss Indictment (ECF No. 26), both of which were filed on November 23, 2018. On December 20, 2018, the Government filed its Motion to Strike a Portion of Defendant's Reply (ECF No. 37). The Court conducted a hearing on these motions on December 27, 2018.

## BACKGROUND

Defendant Lamont Pope is charged with violation of the Sexual Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). *Indictment* (ECF No. 15). The indictment alleges that Defendant was required to register as a sex offender based on his 2003 conviction for lewd or lascivious acts upon a child under fourteen years old in violation of California Penal Code § 288(a); and that Defendant knowingly failed to register and update his registration as a sex offender when he traveled in interstate commerce from California to Nevada between July 1, 2017 and September 18, 2018.

. . .

. . .

1

**DISCUSSION**

**A. Motion to Dismiss (ECF No. 25).**

Defendant's California conviction occurred prior to the enactment of SORNA in 2006. Pursuant to 34 U.S.C. § 20913(d), formerly 42 U.S.C. § 16913(d),[1] the Attorney General has the authority to specify the applicability of the requirements of SORNA to sex offenders who were convicted before its enactment or its implementation in a particular jurisdiction. Defendant argues that this delegation of authority to the Attorney General violates the non-delegation doctrine, the Tenth Amendment, the Commerce Clause and the *Ex Post Facto* Clause of the United States Constitution. The Ninth circuit rejected these arguments in *United States v. Richardson*, 754 F.3d 1143 (9th Cir. 2014), stating that "[e]very court of appeals to have considered the question has concluded that Congress did not violate the Constitution when it delegated this implementation authority to the Attorney General." *Id.* at 1145 (citing *United States v. Cooper,* 750 F.3d 263, 271 (3d Cir. 2014), *United States v. Goodwin,* 717 F.3d 511, 516 (7th Cir. 2013), and *United States v. Whaley,* 577 F.3d 254, 263–64 (5th Cir. 2009)). The court also rejected the argument that SORNA violates the Tenth Amendment, the Commerce Clause or the *Ex Post Facto* Clause. *Richardson*, 754 F.3d at 1146-47.

On March 5, 2018, the Supreme Court granted certiorari to consider whether § 20913(d) violates the non-delegation doctrine. *Gundy v. United States*, 138 S.Ct. 1260 (2018). Briefing and oral argument in *Gundy* is complete. However, an opinion in *Gundy* may not issue until late June 2019. *See United States v. Jones*, 2018 WL 4353691, at *2 (D.Minn. Sept. 12, 2018). Defendant argues that the indictment should be dismissed based on the grant of certiorari in *Gundy*. Until and unless the Supreme Court holds that § 20913(d) violates the non-delegation doctrine, however, *United States v. Richardson* remains binding authority in this circuit. Defendant has not provided any authority that an indictment should be dismissed based on the Supreme Court's grant of certiorari to review an otherwise binding precedent.

---

[1] The Court refers to the current provisions of 34 U.S.C. §§ 20911 and 20913, except when directly quoting court decisions that cite the former statutes.

2

The Government states that if the Supreme Court invalidates § 20913(d), it will promptly dismiss the indictment. *Response* (ECF No. 28), at 3. Defendant requests that the Court withhold a final decision on his motion to dismiss until the Supreme Court issues its opinion in *Gundy*. The same result is achieved by permitting Defendant to refile his motion to dismiss, if necessary, after *Gundy* is decided. Defendant's motion to dismiss the indictment should therefore be denied, without prejudice, to his right to move for dismissal if *Gundy* is decided in his favor.

**B. Motion to Dismiss (ECF No. 26).**

Defendant argues that his conviction does not qualify as a sex offense under 34 U.S.C. § 20911. Cal. Penal Code § 288(a) provides as follows:

> (a) Except as provided in subdivision (i), a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

34 U.S.C. § 20911(5)(A) states as follows:

> Except as limited by subparagraph (B) or (C), the term " sex offense" means—
>
> **(i)** a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> **(ii)** a criminal offense that is a specified offense against a minor;
>
> (other subparts omitted)

Section 20911(7) defines the term "specified offense against a minor" as an offense against a minor that involves any of the following:

> **(A)** An offense (unless committed by a parent or guardian) involving kidnapping.
>
> **(B)** An offense (unless committed by a parent or guardian) involving false imprisonment.
>
> **(C)** Solicitation to engage in sexual conduct.

3

     **(D)** Use in a sexual performance.

     **(E)** Solicitation to practice prostitution.

     **(F)** Video voyeurism as described in section 1801 of Title 18.

     **(G)** Possession, production, or distribution of child pornography.

     **(H)** Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.

     **(I)** Any conduct that by its nature is a sex offense against a minor.

**1. Whether the "Categorical Approach" or "Circumstance-Specific Approach" Applies to 34 U.S.C. § 20911(5)(A)(ii).**

Defendant argues that the court is required to apply the "categorical approach," as defined in *Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143 (1990), in determining whether a violation of Cal. Penal Code § 288(a) is a sex offense under § 20911(5)(A)(i). Because § 288(a) can be violated without engaging in a "sexual act" or "sexual contact with another," as those terms are defined under federal law, it is not categorically a sex offense under § 20911(5)(A)(i). Defendant also argues that § 288(a) is not a divisible statute as defined in *Descamps v. United States*, 570 U.S. 254, 260-61, 133 S.Ct. 2276 (2013), and, therefore, the court cannot apply the "modified categorical approach."

The Government does not dispute Defendant's argument regarding § 20911(5)(A)(i). It argues, instead, that Defendant's conviction qualifies as a sex offense under § 20911(5)(A)(ii) which defines sex offense as "a criminal offense that is a specified offense against a minor." Section 20911(7) further defines "specified offense against a minor" as "an offense against a minor that involves any of the following: "(I) any conduct that by its nature is a sex offense against a minor." The Government relies on *United States v. Mi Kyung Byun*, 539 F.3d 982 (9th Cir. 2008) (hereinafter "*Byun*") and decisions from other circuits which hold that courts should apply the "circumstance-specific approach" or "non-categorical approach" in determining whether the defendant committed a crime that qualifies as sex offense under §§ 20911(5)(A)(ii) and (7)(I).

In *Byun*, the defendant pleaded guilty to importing aliens into the United States for purposes of prostitution in violation of 8 U.S.C. § 1328. She admitted in her plea agreement that she induced a seventeen-year-old female to come to Guam to perform sex acts for money. The Ninth Circuit held that the court could look to the facts underlying defendant's conviction to determine that the victim was a minor, and that defendant was therefore required to register as a sex offender. The court noted that in the context of immigration law and the enhancement of criminal sentences, courts usually apply the categorical approach or modified categorical approach to determine whether the crime for which the defendant was convicted meets the statutory requirements to impose immigration consequences or a sentencing enhancement. The court quoted *Taylor v. United States*, in which the Supreme Court explained that the statute at issue "referred to persons who had been 'convict[ed]' of certain crimes rather than persons who had 'committed' such crimes, reflecting Congress's intent that 'the sentencing court . . . look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.'" *Byun*, 539 F.3d at 990-91 (quoting *Taylor*, 495 U.S. at 600). If the statute refers to the underlying crime or offense *committed* by the defendant, however, then the court may look at the underlying conduct which formed the basis for defendant's conviction. *Id.* at 991. In analyzing the language of § 20911(5)(A)(ii), the court stated:

> While the language of the statute is somewhat more ambiguous with regard to whether a categorical approach must be applied to all elements of a "specified offense against a minor," the close connection between "specified offense[s] against a minor" and tier II offenses, as well as the history of the statute, support the conclusion that a non-categorical approach to the age of the victim is permitted with respect to that category as well. Section 16911(1) defines a sex offender as "an individual who was *convicted* of a sex offense" (emphasis added), rather than an individual who committed, or engaged in conduct constituting, such an offense. But the statute then goes on to describe the two applicable definitions of "sex offense" in quite different ways: The language used in defining the first category of "sex offenses" suggests strongly that only a categorical approach is appropriate as to that category, as it includes only criminal offenses having an "*element* involving a sexual act or sexual contact with another." § 16911(5)(A)(I) (emphasis added). The specific reference to an "element" requires an analysis of the statutory elements, rather than an examination of the underlying facts. *See United States v. Sherbondy,* 865 F.2d

5

> 996, 1005 (9th Cir.1988) (holding that the use of "the phrase 'as an element' requires an examination of the statute that delineates the offense of which the defendant was convicted and precludes any inquiry into the defendant's actual conduct.").
>
> In contrast, the "sex offense" category here pertinent, "a criminal offense that is a specified offense against a minor," contains no reference to the crime's "elements." Further, the definition of "specified offense[s] against a minor" begins with language stating that such offenses must be "against a minor" and then lists offenses such as "kidnapping," "false imprisonment," and "[u]se in a sexual performance," § 16911(7)(A), (B), (D), that do not refer to the identity of the victim. That is, the definition suggests that *any* kidnapping offense becomes a "specified offense against a minor" when the victim is a minor. Finally, and critically, the list of specified offenses against a minor includes "[a]ny conduct that by its nature is a sex offense against a minor," § 16911(7)(I) (emphasis added), suggesting again that for the category of "specified offense[s] against a minor," it is the underlying "conduct," not the elements of the crime of conviction, that matter. *Id.* at 991-92.

*Byun* concluded that the best reading of the statute's structure and language is that Congress contemplated a non-categorical approach in determining whether a particular conviction is for a "specified offense against a minor." This construction was also supported by the legislative history which showed that Congress intended to include all individuals who commit sex crimes against minors. *Id.* at 992-93.

In *United States v. Price*, 777 F.3d 700, 705 (4th Cir. 2015), the defendant was initially charged with a state offense of criminal sexual conduct with a minor. The indictment alleged that he sexually battered a twelve year old child. The defendant pleaded guilty to a lesser charge of "assault and battery of a high and aggravated nature." He was later convicted for failing to register as sex offender in violation of 18 U.S.C. § 2250(a). In affirming the defendant's conviction, the court stated that the "circumstance-specific approach" or "non-categorical approach" "focuses on the facts—not the elements—relating to the prior conviction. That broader framework applies when the federal statute refers 'to the specific way in which an offender committed the crime on a specific occasion,' rather than to the generic crime. *Nijhawan v. Holder*, 557 U.S. 29, 34, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009). In utilizing the circumstance-specific approach, the reviewing court may consider reliable evidence concerning whether the prior offense involved conduct or circumstances that are required by the federal

statute." *Id.* at 705. The court noted that the Eleventh Circuit in *United States v. Dodge*, 597 F.3d 1347, 1356 (11th Cir. 2010) and the Ninth Circuit in *Byun* also applied the circumstance-specific approach in determining whether the defendant committed a "specified offense against a minor" and whether under § 20911(7)(I), the offense involved "any conduct that by its nature is sex offense against a minor." *Id.* at 708-09.

In *United States v. Dodge*, 597 F.3d 1347, 1354 (11th Cir. 2010), the court stated that "SORNA permits examination of the defendant's underlying conduct---and not just the elements of the conviction statute---in determining what constitutes a '"specified offense against a minor."'" The transcript of the defendant's underlying plea colloquy established that he committed a sex offense as defined in 34 U.S.C. §§ 20911(5)(A)(ii) and (7)(I). *United States v. Hill*, 820 F.3d 1003, 1005 (8th Cir. 2016), also holds that the circumstance-specific approach applies in determining whether the defendant committed a sex offense as defined in §§ 20911(5)(A)(ii) and (7)(I). In *Privett v. Secretary, Dept. of Homeland Sec.*, 865 F.3d 375, 382-83 (6th Cir. 2017), the court applied the circumstance-specific approach to 8 U.S.C. § 1154(a)(1)(A)(viii)(I), which prohibits a citizen from petitioning to allow a relative to seek an immigration visa, if the citizen has been convicted of "a specified offense against a minor." There is no circuit decision that requires application of the categorical or modified categorical approaches in analyzing these provisions.

Notwithstanding these decisions, Defendant argues that *Byun* has been overruled by *Descamps v. United States*, 570 U.S. 254, 260-61, 133 S.Ct. 2276 (2013). The issue in *Descamps* was whether the defendant's state burglary conviction qualified as a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Court held that the categorical approach must be used in determining whether the state burglary conviction qualified as a generic burglary under the ACCA. The modified categorical approach may only be used if an underlying statute is divisible; meaning that it provides alternative elements under which a conviction may be obtained. In that scenario, the court may look at a limited number of relevant judicial documents to determine if the defendant's conviction was based on elements matching the generic offense.

*Descamps* cited *Nijhawan v. Holder*, 557 U.S. 29, 34, 129 S.Ct. 2294 (2009), in support of its analysis of the categorical and modified categorical approaches. 133 S.Ct. at 2284-85. In *Nijhawan*, the Court applied the circumstance-specific approach to portions of 8 U.S.C. § 1101(a)(43) which required the court to consider the specific conduct of the defendant, rather than whether the elements of the offense for which he was convicted matched one of the generic offenses listed in the statute. 557 U.S. at 37-40, 129 S.Ct. at 2300-02. *Descamps* did not discuss the circumstance-specific approach, nor did it indicate in any manner that *Nijhawan's* application of that approach was incorrect. *Descamps* does not invalidate the circumstance-specific approach where it is appropriately applied, and, therefore, does not overrule *Byun*.

Defendant's reliance on *United States v. Cabrera-Gutierrez*, 756 F.3d 1125 (9th Cir. 2014) is also misplaced. In *Cabrera-Gutierrez*, the court applied the categorical approach in determining whether the defendant's prior state conviction for sexual abuse in the second degree constituted a Tier III sex offense under 34 U.S.C. § 20911(4). As the Supreme Court stated in *Nijhawan*, 557 U.S. at 37-38, 129 S.Ct. at 2300-01, different sections of the same statute may require the application of different analytic approaches. In *Byun*, for example, the court stated that the language in § 20911(5)(A)(i) "suggests strongly that only a categorical approach is appropriate as to that category." 539 F.3d at 990. The court, however, applied the "non-categorical approach" or "circumstance-specific approach" to § 20911(5)(A)(ii).

The Government represents that "Pope admitted that his *conduct* necessarily involved 'willfully . . . put[ing] . . . his mouth on the [minor] victim's breasts with the intent of arousing . . . the lust, passions and sexual desires of [himself] and said child." *Response* (ECF No. 35), at 5. The Government also asserts that the victim was 12 years old. Defendant has not disputed these representations. Assuming that they accurately state the conduct that resulted in Defendant's conviction under Cal. Penal Code § 288(a), then he committed a sex offense as defined in 34 U.S.C. §§ 20911(5)(A)(ii) and (7)(I).

. . .

. . .

. . .

**2. Whether a Violation of Cal. Penal Code § 288(a) qualifies as a Sex Offense under the Categorical Approach.**

In *United States v. Schofield*, 802 F.3d 722 (5th Cir. 2015), the court noted that *Byun*, *Dodge* and *Price,* and its own decision in *United States v. Gonzalez-Medina*, 757 F.3d 425, 429-32 (5th Cir. 2014), tend to favor the application of the non-categorical approach in analyzing an underlying offense under §§ 20911(5)(A)(ii) and (7)(I).  The court held that the statute under which defendant was convicted, transferring obscene material to a minor in violation of 18 U.S.C. § 1470), also qualifies as a sex offense under the categorial approach.

In this case, the Government argues that a conviction for violating Cal. Penal Code § 288(a) is categorically a sex offense under §§ 20911(5)(A)(ii) and (7)(I).  *Response* (ECF No. 35), at 6-7.  The Government relies on *United States v. Farmer*, 627 F.3d 416 (9th Cir. 2010), which held that a violation of Cal. Penal Code § 288(a) categorically qualifies as a conviction involving "sexual abuse," under the sentencing enhancement provision in 18 U.S.C. 2252A(b)(2).  *Farmer* noted that "'Section 288(a) has two elements: (a) the touching of an underage child's body (b) with a sexual intent.' *Baron–Medina,* 187 F.3d at 1147 (citing *People v. Martinez,* 11 Cal.4th 434, 45 Cal.Rptr.2d 905, 903 P.2d 1037, 1042–43 (1995))." *Id.* at 419.  The court held that the conduct proscribed by § 288(a), invariably involves "sexual abuse" as that term is ordinarily and contemporaneously defined. *Id.* at 419-20.  The defendant in *Farmer* argued that the meaning of "sexual abuse" should be restricted to its statutory definition in 18 U.S.C. § 2142.  The court rejected that argument and held that the ordinary and common definition of the term "sexual abuse" may be used.  That issue is not present in this case because §§ 20911(5)(A)(ii) and (7)(I) do not use the term "sexual abuse."  Given the broad scope of these provisions, a conviction under Cal. Penal Code § 288(a) would categorically be a sex offense if that approach is applied.  For the reasons stated above, however, the circumstance-specific approach should be applied.

**3. Whether 34 U.S.C. § 20911(7)(I) is unconstitutionally vague**.

Defendant argues in his reply that 34 U.S.C. § 20911(7)(I) is unconstitutionally vague under the Due Process Clause of the Fifth Amendment.  Defendant relies on *Johnson v. United*

9

*States*, 135 S. Ct. 2551, 2256-57, 192 L. Ed. 2d 569 (2015), in which the Supreme Court held that the residual clause in 18 U.S.C. § 924(e)(2)(B), defining a "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutional. Defendant also relies on *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212, 200 L. Ed 2d 549 (2018), which held that a substantially similar residual clause in 18 U.S.C. § 16(b) is unconstitutionally vague.

The Government moved to strike this portion of Defendant's reply because his motion to dismiss neither challenged the classification of his prior conviction as sex offense under 34 U.S.C. §§ 20911(5)(A)(ii), nor challenged the constitutionality of § 20911(7)(I). *Motion to Strike* (ECF No. 37). Courts generally decline to consider arguments raised for the first time in a reply brief, although they have the discretion to consider such matters. *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992); *International Broth. of Teamsters v. Allegiant* Air, 788 F.3d 1080, 1090 (9th Cir. 2015). The argument regarding the constitutionality of § 20911(7)(I) should have been raised in Defendant's motion. The Court finds, however, that § 20911(7)(I) is not unconstitutionally vague, and that Defendant's argument, even if properly raised, does not require dismissal of the indictment.

So far, only one circuit court decision has addressed this issue. In *United States v. Schofield*, the defendant argued that SORNA's residual clause, § 20911(7)(I), is unconstitutionally vague because reading §§ 20911(5)(A)(ii) and (7)(I) together creates a circular or ambiguous definition by defining a "sex offense" as "an offense against a minor that involves . . . [a]ny conduct that by its nature is a sex offense against a minor." 802 F.3d at 730. In rejecting this argument, the court stated:

> In claiming that the residual clause is circular or ambiguous, Schofield misreads the statute. As the Government points out, "sex offense" as used in subsections 16911(1) and (5) is a term of art, to be defined later in the statute. Subsection 16911(7)(I) provides part of that definition and in doing so uses the term "sex offense" in its ordinary way, as a catch-all, to expand the universe of crimes encompassed by the statute, and its meaning is refined by the examples that surround it in the statute. The term "sex offense," when used in its ordinary way, is not ambiguous or vague even if used as a catch-all. The "key" according to the *Dodge* court is whether the offense involves a "sexual component," *Dodge,* 597 F.3d at 1355, and requiring courts and defendants to determine whether an offense involves a "sexual component" does not render

10

the definition of "sex offense" ambiguous or vague. Indeed, Congress intended to expand the universe of offenses constituting sex offenses, and including an ordinary term to capture offenses not otherwise specified is consistent with that intent. *See id.* ("Congress's stated purpose was to capture a wider range of conduct in its definition of a 'sex offense.' "). *Id.*

*Schofield* also rejected the argument that § 20911(7)(I) is unconstitutional under the Supreme Court's analysis in *Johnson v. United States*.[2] The court noted that *Johnson* "held that the residual clause in the Armed Career Criminals Act (ACCA) was unconstitutionally vague because it essentially required potential defendants to guess what 'ordinary' instances of several crimes involved and 'how much risk it takes for a crime to qualify as a violent felony.' [Citation omitted.] The Court explained that instead of deciding whether a defendant's conduct fell within the ACCA residual clause, courts were required, under the ACCA, to imagine the kind of conduct that a crime involves in the 'ordinary case' and judge whether that abstraction involved a serious potential risk of physical injury." *Schofield*, at 731 (citing *Johnson*, 135 S.Ct. at 2557-58).

In holding that the SORNA residual clause was not unconstitutionally vague under either the circumstance-specific approach or categorical approach, *Schofield* stated:

> Under the non-categorical approach to the residual clause, we apply a qualitative standard—"[a]ny conduct that by its nature is a sex offense against a minor"—to the facts of an individual defendant's case. The Court in *Johnson* noted that "laws [which] require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*," like the SORNA residual clause, were distinguishable from the law it declared unconstitutionally vague. *Id.* at 2561. Similarly, the application of the categorical approach to the SORNA residual clause does not suffer from the same problems as the application of this approach to the ACCA residual clause. First, while the Court in *Johnson* found that the crimes listed prior to the ACCA residual clause were dissimilar, *Id.* at 2558, the crimes preceding the SORNA residual clause, which provide examples of "specified offense[s] against minor[s]," are much less divergent. For example, video voyeurism and child pornography are much more similar than burglary, arson, and extortion. *Compare* 42 U.S.C. § 16911(7)(F)-(G), *with* 18 U.S.C. § 924(e)(2)(B)(ii). Second, the Court in *Johnson,* 135 S.Ct. at 2558, found "repeated attempts and repeated failures" on the part of the Supreme Court and the courts of appeals "to craft a principled and objective standard out of the [ACCA] residual clause." *Id.* No such failures are apparent with respect to the SORNA residual clause, *see, e.g., Dodge,* 597 F.3d at 1354–56 (applying the SORNA residual clause without noting any difficulty in crafting an appropriate standard). *Id.*

---

[2] *Dimaya* employed the same analysis as in *Johnson*. Thus, *Schofield's* discussion of *Johnson* also applies to *Dimaya*.

11

The Fifth Circuit's analysis in *Schofield* is persuasive and is likely to be followed by the Ninth Circuit. The indictment should not be dismissed based on the alleged unconstitutionality of § 20911(7)(I).

## CONCLUSION

The indictment should not be dismissed because of the grant of certiorari in *Gundy v. United States*. The circumstance-specific approach applies to 34 U.S.C. §§ 20911(5)(A)(ii) and (7)(I), and under that approach, Defendant's conviction under Cal. Penal Code § 288(a) is a sex offense within the meaning of SORNA. The indictment is not subject to dismissal on the ground that 34 U.S.C. § 20911(7)(I) is unconstitutionally vague. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Indictment (ECF No. 25) be **denied**, without prejudice, in the event that *Gundy v. United States* is decided in Defendant's favor.

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Indictment (ECF No. 26) be **denied**.

## ORDER

**IT IS HEREBY ORDERED** that the Government's Motion to Strike a Portion of Defendant's Reply (ECF No. 37) is **denied**.

DATED this 7th day of January, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**