# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| United States of America, | Case No.: 2:18-cr-0327-JAD-GWF |
|---|---|
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation in part, Overruling Objections, and Denying Motions to Dismiss** |
| v. | |
| Lamont Mars Pope, | [ECF Nos. 25–26, 42, 49] |
| Defendant | |

Defendant Lamont Mars Pope stands charged with one count of violating the Sex Offender Registration and Notification Act (SORNA) for failing to register as a sex offender[1] based on his 2003 California conviction for lewd or lascivious acts upon a child under 14.[2] Pope filed two separate motions to dismiss the indictment, arguing that a provision of SORNA is unconstitutional and that his California conviction doesn't constitute a "sex offense" under SORNA and that he therefore wasn't required to register.[3] The motions were referred to the magistrate judge, who recommends that I deny them.[4] Because Pope has not objected to the recommendation that his constitutional challenge to SORNA be denied, and because the U.S. Supreme Court has granted certiorari in a case addressing the same issue, I adopt that portion of the report and recommendation in full and deny that motion without prejudice to the issue being re-urged after the High Court renders its decision.[5]

---

[1] 18 U.S.C. § 2250(a); ECF No. 15 (indictment).

[2] Cal. Pen. Code § 288(a).

[3] ECF Nos. 25–26 (motions to dismiss).

[4] ECF No. 42 (report and recommendation).

[5] Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to); *Gundy v. United States*, 138 S. Ct. 1260 (2018).

Pope has objected to the recommendation that I reject his sex-offense argument, so I review that portion of the decision de novo.[6] I agree with the magistrate judge that, in line with Ninth Circuit precedent and every circuit court to address this matter, a circumstance-specific analysis (rather than the categorical approach) applies to the portion of the sex-offense definition at issue. Because a jury could find that the conduct that resulted in Pope's California conviction satisfies the catchall provision to SORNA's definition of a sex offense, and because there is no merit to his other arguments, I find that there is no basis to dismiss his indictment. I therefore do not reach the magistrate judge's alternative categorical-approach analysis and do not adopt that portion of the report and recommendation.

**Discussion**

SORNA "establishes a comprehensive national system for the registration" of "sex offenders and offenders against children . . . ."[7] The statutory scheme requires a "sex offender" to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."[8] Under section 2250 to Title 18 of the United States Code, a person is guilty of a felony if he (1) is required to register as a sex offender under SORNA, (2) travels in interstate commerce, and (3) knowingly fails to register.[9] The government accuses Pope of failing to register in Nevada when he traveled here from California sometime after mid-2017.[10] In his objection to the report and recommendation,

---

[6] ECF No. 49 (objection to ECF No. 42, the magistrate judge's report and recommendation).
[7] 34 U.S.C. § 20901.
[8] *Id*. § 20913.
[9] 18 U.S.C. § 2250.
[10] ECF No. 15.

Pope argues—as he did in his underlying motion to dismiss—that he is not a sex offender within the meaning of the statutory scheme so he wasn't required to register as one.

As discussed below, SORNA provides a multi-faceted definition to the term "sex offender." Pope argues in his objection that, in determining whether a prior conviction satisfies this definition, courts must apply the categorical approach. To buttress this contention, Pope argues that I must afford *Chevron* deference to the Department of Justice's (DOJ) SORNA guidelines, which he asserts support the application of the categorical approach. Pope also challenges the applicable part of sex-offender definition as void for vagueness. Alternatively, Pope argues that, even if the non-categorical, circumstance-specific approach applies, the government hasn't provided sufficient evidence of how he committed his crime of conviction and therefore hasn't shown that the conviction satisfies SORNA's sex-offender definition. I address each issue in turn.

## I. The circumstance-specific approach applies to this analysis.

### A. In *United States v. Mi Kyung Byun*, the Ninth Circuit applied the circumstance-specific approach to the portion of the sex-offense definition at issue.

SORNA defines "[t]he term 'sex offender'" under § 20911 as "an individual who has committed a sex offense."[11] One of the subparagraphs under that section defines a "sex offense" as, among other things, "(i) a criminal offense that has an element involving a sexual act or sexual contact with another; (ii) a criminal offense that is a specified offense against a minor . . . ."[12] A subsequent subsection further elaborates on what constitutes a "specified offense against a minor" under part (ii), enumerating several types of offenses—e.g., those

---

[11] 34 U.S.C. § 20911(1) (formerly 42 U.S.C. § 16911(1)).

[12] *Id*. § 20911(5)(A).

3

"involving kidnapping," "[s]olicitation to practice prostitution," etc.—and concluding in a catchall provision: "(I) Any conduct that by its nature is a sex offense against a minor."[13]

Pope argues that, in determining whether his California conviction satisfies this catchall provision, I must apply the categorical approach, which would allow me to examine only the *elements* of that state-law crime to determine whether it proscribes more conduct—and is thus broader—than the catchall provision.[14] By contrast, the circumstance-specific approach that the government advocates for permits looking at the *facts* of how Pope committed that crime.[15] Relying on the Ninth Circuit's decision in *United States v. Mi Kyung Byun*, the magistrate judge determined that the circumstance-specific approach applies.[16]

In *Byun*, a defendant pled guilty to the federal offense of "importation into the United States of any alien for the purpose of prostitution," which the district court determined satisfied the specified-offense-against-a-minor (specified-offense) portion of SORNA's sex-offense definition.[17] Because the age of the victim is not an element of the crime the defendant pled to, the court could only determine that she committed the offense against a minor—an integral component of the sex-offense definition—by considering the facts of the case.[18] Specifically, the district court relied on the defendant's plea agreement, which revealed that the victim was 17

---

[13] *Id.* § 20911(7)(I).

[14] *See United States v. Mi Kyung Byun*, 539 F.3d 982, 990 (9th Cir. 2008); *see also Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (distinguishing between elements and facts).

[15] *See Nijhawan v. Holder*, 557 U.S. 29, 36 (2009) (coining this term).

[16] ECF No. 42 at 6 ("*Byun* concluded that the best reading of the statute's structure and language is that Congress contemplated a non-categorical approach in determining whether a particular conviction is for a 'specified offense against a minor.'").

[17] *Byun*, 539 F.3d at 983.

[18] *Id.* at 983–84, 986–87.

4

years old.[19]  The defendant argued on appeal that the district court should have applied the categorical approach and thus examined only the crime's elements.  The Ninth Circuit, however, held that the court properly considered the crime's underlying facts, reasoning that, unlike other parts of the sex-offense definition, the specified-offense portion makes no reference to a crime's elements.[20]  And pointing to that portion's catchall provision, the court concluded that, "critically, the list of specified offenses against a minor includes '[a]ny *conduct* that by its nature is a sex offense against a minor.'"[21]  Other circuits that have reviewed this portion of the sex-offense definition have cited to *Byun* and similarly held that the circumstance-specific approach applies.[22]

Pope nonetheless argues that *Byun* is not fatal to his assertion that the categorical approach should apply in determining whether his California conviction satisfies the specified-offense portion of the sex-offense definition.  He contends that *Byun* approved the use of the circumstance-specific approach only for discovering whether the victim was a minor—not more

---

[19] *Id*. at 983–84.

[20] *Id*. at 991–92 ("The language used in defining the first category of 'sex offenses' suggests strongly that only a categorical approach is appropriate as to that category, as it includes only criminal offenses having an '*element* involving a sexual act or sexual contact with another.'  . . . In contrast, the 'sex offense' category here pertinent, 'a criminal offense that is a specified offense against a minor,' contains no reference to the crime's 'elements.'" (emphasis in original)).

[21] *Id*. at 992 (alteration and emphasis in original) (quoting 42 U.S.C. § 16911(7)(I) (transferred to 34 U.S.C. § 20911(7)(I))).

[22] *United States v. Hill*, 820 F.3d 1003, 1005 (8th Cir. 2016); *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc) ("All signs point to only one reasonable conclusion—that we may look beyond Dodge's conviction statute to the underlying facts of his offense to determine whether his offense qualifies as a 'sex offense against a minor.'"); *United States v. Price*, 777 F.3d 700, 708 (4th Cir. 2015) ("The language and structure of § 16911 underscore the proposition that an analysis of subsection (7)(I) requires use of the circumstance-specific approach.").  *But see United States v. Schofield*, 802 F.3d 722, 729 (5th Cir. 2015) (not deciding which analysis applies because the court determined that the defendant's crime was "a sex offense under both the non-categorical and categorical approaches").

5

broadly for determining whether a defendant's conduct in committing a predicate offense satisfies the specified-offense portion.[23] But the Ninth Circuit's analysis was not as narrow as Pope asserts. The court focused on the age of the victim because that was the fact critical to determining whether the defendant's offense satisfied the sex-offense definition and that could not be determined by reviewing the elements of that crime alone. Nothing in the court's reasoning indicates that it intended to limit the use of the circumstance-specific approach to this fact. To contrary, as demonstrated by the *Byun* passages above, the Ninth Circuit relied in large part on the fact that the specified-offense portion's catchall provision addresses whether a defendant's *conduct* during the commission of the predicate offense is "by its nature . . . a sex offense against a minor." Indeed, the en banc Eleventh Circuit subsequently held that, "[a]lthough the Ninth Circuit [in *Byun*] focused only on the age of the victim, its approach supports [the] conclusion that SORNA permits examination of the defendant's underlying conduct—and not just the elements of the conviction statute—in determining what constitutes a 'specified offense against a minor.'"[24] I therefore find that *Byun* forecloses the use of the categorical approach in this analysis.

### B. Subsequent decisions have not undermined or effectively overruled the Ninth Circuit's decision in *Byun*.

Pope also argues that subsequent decisions by the Supreme Court and Ninth Circuit have "severely limited" the use of the circumstance-specific approach and "clarifie[d] when statutory language describes an offense element, rather than offense circumstances."[25] Using the

---

[23] ECF No. 49 at 13–14.
[24] *Dodge*, 597 F.3d at 1354.
[25] ECF No. 49 at 7–10.

principles he distills from these authorities, Pope contends that the "catchall provision requires a categorical analysis."[26] It is evident from these arguments that Pope is implicitly asserting that *Byun* was wrongly decided and that the Ninth Circuit's reasoning has since been undermined by subsequent decisions. Indeed, he challenges *Byun*'s reliance on the catchall provision's use of the term "conduct,"[27] and despite arguing that the case limits the use of the circumstance-specific approach to determining whether the victim was a minor, he asserts that the phrase "against a minor" in the provision "refers to an element rather than a circumstance of the offense."[28] But district courts are bound by published Ninth Circuit decisions unless "the reasoning or theory of [a prior decision] is clearly irreconcilable with the reasoning or theory of intervening higher authority," and can thus be deemed as "effectively overruled."[29] Neither of the cases that Pope relies upon satisfies this standard.

He first cites to *Nijhawan v. Holder*, in which the Supreme Court addressed whether the circumstance-specific approach applies to a portion of the "aggravated felony" definition under the Immigration and Nationality Act (INA).[30] The Court determined that some of the felonies listed under that definition, such as "murder, rape, or sexual abuse of a minor," describe "generic crimes" that therefore call for the categorical approach.[31] But other felonies, the Court held,

---

[26] *Id.* at 10.

[27] *Id.* ("Under *Olivas-Motta* [*v. Holder*, 746 F.3d 907 (9th Cir. 2014)], however, this language is not dispositive.").

[28] *Id.* at 12.

[29] *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc); *id.* at 899 ("We must, therefore, now address when, if ever, a district court or a three-judge panel is free to reexamine the holding of a prior panel in light of an inconsistent decision by a court of last resort on a closely related, but not identical issue.").

[30] *Nijhawan*, 557 U.S. at 32.

[31] *Id.* at 37.

7

include "qualifying language that . . . call[s] for [a] circumstance-specific application."[32] For instance, the aggravated felony at issue was "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000.*"[33] The Court found that the italicized portion of this aggravated-felony definition was qualifying language that set out the facts of how an offender committed a predicate federal or state-law crime rather than an element that the predicate crime must include.[34] But the Court never held that the contrast between the inclusion and absence of qualifying language in a list of generic offenses is the only means of determining whether the circumstance-specific approach applies. And Pope points to no portion of the Court's reasoning in *Nijhawan* that conflicts with the Ninth Circuit's analysis in *Byun*.

I am similarly unpersuaded by Pope's citation to the Ninth Circuit's decision in *Olivas-Motta v. Holder*, which also addressed a provision of the INA rather than SORNA's sex-offense definition.[35] The court ruled that determining whether a predicate offense constitutes "a crime involving moral turpitude" requires applying the categorical rather than circumstance-specific approach.[36] In reaching this conclusion, the Ninth Circuit rejected the argument that the definition's use of the word "involving" denotes a reliance on facts rather than elements.[37] The court further reasoned that, unlike the aggravated felonies in *Nijhawan* that consisted of a generic offense plus qualifying language, the phrase "involving moral turpitude" does not describe

---

[32] *Id.*

[33] *Id.* at 38 (emphasis in original).

[34] *Id.* at 38–40.

[35] *Olivas-Motta v. Holder*, 746 F.3d 907 (9th Cir. 2014).

[36] *Id.* at 914–16.

[37] *Id* at 915.

8

factual circumstances that modify the solitary word "crime."[38] But again, nothing in *Olivas-Motta*'s analysis undermines the conclusion that the Ninth Circuit reached several years earlier in *Byun*. The two decisions addressed different statutes with dissimilar structures and thus naturally relied on different "textual clues"[39] to discern which mode of analysis applies. The crime-involving-moral-turpitude definition, for instance, does not present the contrast seen in SORNA between one part of a definition referring to elements and another part referring to conduct.[40] *Olivas-Motta* and *Byun* are thus not irreconcilable.

### C. *Chevron* deference is inapplicable.

Pope also contends that the DOJ's guidelines on SORNA[41] are entitled to administrative deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*[42] and that these guidelines support the use of the categorical approach.[43] The three circuit courts that have considered the issue have rejected this precise argument, finding that it fails at step one of *Chevron* because the specified-offense portion of the sex-offense definition is neither "silent [n]or ambiguous with respect to" whether the circumstance-specific approach applies.[44] In

---

[38] *Id.* ("If one eliminates the phrase 'involving moral turpitude' from the phrase 'crime involving moral turpitude,' there is no separately defined crime. There is only the single word 'crime,' covering the entire universe of crime.").

[39] *Byun*, 539 F.3d at 992.

[40] *Compare* 34 U.S.C § 20911(5)(A)(i) (defining a sex offense as "a criminal offense that has an element involving a sexual act or sexual contact with another"), *with id.* § 20911(5)(A)(ii) ("a criminal offense that is a specified offense against a minor"), *and id.* § 20911(7)(I) (expanding on the "specified offense against a minor" portion of the sex-offense definition: "Any conduct that by its nature is a sex offense against a minor").

[41] Office of the Attorney General, The National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030 (July 2, 2008).

[42] *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

[43] ECF No. 49 at 14–17.

[44] *Chevron*, 467 U.S. at 842–43 ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of

9

arguing to the contrary, Pope points to the Ninth Circuit's admission in *Byun* that SORNA's language "is somewhat more ambiguous [than other parts of the statute] with regard to whether a categorical approach must be applied to all" parts of the specified-offense portion of the sex-offense definition.[45] But because the DOJ's guidelines were in effect at the time *Byun* was issued, Pope's reliance on *Chevron* deference is another attempt to implicitly argue that the case was wrongly decided. Indeed, one of guidelines cited by Pope suggests that the age of the victim should be treated as an element rather than a circumstance of the predicate offense[46]—thus conflicting with one of *Byun*'s central holdings. It is the purview of the Ninth Circuit rather than this court to reassess that decision in light of *Chevron* deference.

* * *

The magistrate judge correctly determined that the Ninth Circuit permits district courts to apply the circumstance-specific approach in determining whether a defendant's prior offense satisfies the specified-offense portion of SORNA's sex-offense definition and may thus examine the facts of how the defendant committed that crime. Accordingly, I need not and do not address whether Pope's California conviction would satisfy the catchall provision if the categorical approach applied, and I therefore do not adopt that portion of the magistrate judge's report and recommendation.[47]

---

Congress."); *Hill*, 820 F.3d at 1006 ("*Chevron* deference is inappropriate in these circumstances because the statutory provisions at issue are unambiguous regarding the proper method of analysis."); *Schofield*, 802 F.3d at 730–31; *Price*, 777 F.3d at 709 n.9.

[45] *Byun*, 539 F.3d at 991.

[46] 73 Fed Reg. 38031 (stating that the catchall provision "is intended to ensure coverage of convictions under statutes defining sexual offenses in which the status of the victim as a minor is an element of an offense").

[47] ECF No. 42 at 9 ("Given the broad scope of these provisions, a conviction under Cal. Penal Code § 288(a) would categorically be a sex offense if that approach is applied.").

## II. SORNA's catchall provision is not void for vagueness.

Before applying the circumstance-specific approach to Pope's California conviction, I first address his argument that the catchall provision is unconstitutionally vague.[48] He relies primarily on *Johnson v. United States*, in which the Supreme Court declared the residual clause of the Armed Career Criminal Act (ACCA) void for vagueness.[49] That clause instructed that a prior felony conviction is a "violent felony" under the ACCA if it "involves conduct that presents a serious potential risk of physical injury to another . . . ."[50] Because the categorical approach is used for all portions of the ACCA, the Court prior to *Johnson* had consistently held that "[d]eciding whether the residual clause covers a crime . . . requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury."[51]

Pope compares this ordinary-case analysis to SORNA's catchall provision, which assesses whether conduct "*by its nature* is a sex offense against a minor."[52] But in *Johnson*, the Supreme Court distinguished between the application of the categorical approach to the residual clause and criminal "laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct . . . ."[53] Applying that reasoning here, there is a significant difference between attempting to surmise whether a category of conduct in the

---

[48] ECF No. 49 at 5–9.

[49] *Johnson v. United States*, 135 S. Ct. 2551, 2562–63 (2015).

[50] 18 U.S.C. § 924(e)(2)(B)(ii).

[51] *Johnson*, 135 S. Ct. at 2557 (citation omitted).

[52] 34 U.S.C. § 20911(7)(I) (emphasis added).

[53] *Johnson*, 135 S. Ct. at 2561 ("[A]lmost all of the cited laws require gauging the riskiness of conduct in which an individual defendant engages on a *particular occasion*." (emphasis in original)).

11

abstract presents a serious potential risk of injury and, as SORNA's catchall provision requires, assessing whether the actual, specific facts underlying a prior conviction constitute a sex offense against a minor. I therefore find that the catchall provision is not void for vagueness.[54]

### III. A jury could find that Pope's California conviction was a sex-offense against a minor.

Finally, Pope contends that, even if the circumstance-specific approach applies, there is not enough evidence of how he violated CPC § 288(a) to conclude that his conduct "by its nature is a sex offense against a minor."[55] In response, the government provides a copy of the criminal complaint from Pope's California state-court proceedings, which charged him under count two with lewd or lascivious acts upon a child under 14 and accused him of "put[t]ing his mouth on the victim's breasts . . . ."[56] As the attached abstract of judgment shows, Pope pled no contest to this charge.[57] The government concedes that Pope may challenge whether his conduct satisfies SORNA's sex-offense definition at trial, asserting that it may introduce these documents as evidence of that conduct at trial.[58] The government is correct that whether Pope was required to register as a sex offender under SORNA—and incidentally whether his prior conviction constitutes a sex offense—is a jury question.[59] Thus, at the motion-to-dismiss stage, I must only

---

[54] *Schofield*, 802 F.3d at 731 (rejecting a vagueness challenge to the catchall provision based on this distinction made in *Johnson*).

[55] ECF No. 49 at 19–24.

[56] ECF No. 50-2 at 2.

[57] *Id*. at 8–13.

[58] ECF No. 50 at 5.

[59] *See Price*, 777 F.3d at 710 ("Here, even applying the circumstance-specific approach, [the defendant] was entitled to go to trial [on his failure-to-register-under-SORNA charge] and have a jury determine beyond a reasonable doubt whether his [state-court] conviction was for a sex offense under SORNA. . . . Had [the defendant] gone to trial . . . , the prosecution would have borne the burden of proving, beyond a reasonable doubt, that he had been previously convicted

determine whether a jury could find that Pope's conduct underlying his California conviction (if proven at trial) satisfies that element. Based on the facts alleged in the count that Pope pled no contest to, a jury could determine that Pope placed his mouth on a minor[60] victim's breasts and that this conduct was by its nature a sex offense against a minor. I therefore deny Pope's motion to dismiss the indictment.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 42] is ADOPTED in full** as to Pope's constitutional challenge to SORNA and **ADOPTED in part** as to the circumstance-specific-approach analysis. Pope's objections **[ECF No. 49] are OVERRULED**. His first motion to dismiss the indictment **[ECF No. 25] is DENIED without prejudice** to Pope re-urging the issue after the Supreme Court renders its decision in *Gundy v. United States*, 138 S. Ct. 1260 (2018). His second motion to dismiss **[ECF No. 26] is DENIED.**

Dated: April 30, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

of a sex offense—an essential element of 18 U.S.C. § 2250(a). The jury would thus have examined the evidence presented to it concerning the facts underlying [his prior conviction] and then decided whether that evidence satisfied SORNA's definition of a 'sex offense.'").

[60] The government asserts that the complaint reveals that the victim was 12 years old at the time of the crime, ECF No. 35 at 5 n.5, but the unredacted portion of the complaint reveals only that she was under 14. ECF No. 50-2 at 2. Regardless, only the fact that the victim was a minor—rather than her precise age—is relevant to this analysis.